IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PLACIDO R. PADILLA,

    Plaintiff,

vs.                                                CIVIL NO. 96-1584 LH/LFG

UNITED STATES OF AMERICA,

    Defendant.

## **RECOMMENDATION FOR TRANSFER**[1]

THIS MATTER is before the Court on the United States of America's ("USA") motion to transfer [Doc. 4]. Plaintiff, Placido R. Padilla ("Padilla"), opposes the motion.

On April 28, 1997, USA filed a Motion to Dismiss or, in the Alternative, Motion to Transfer this case to a more convenient forum. USA's motion to dismiss was heard on November 18, 1997, and the motion to dismiss was denied. The portion of the motion relating to transfer, however, was referred to a magistrate judge for purposes of making a recommendation. Thereafter, the Court lifted a stay of discovery, allowing the parties to propound interrogatories so as to obtain information concerning the present location of witnesses so that witness information could be submitted to the Court in connection with the Court's consideration on the motion to transfer.

Discovery commenced in January 1998 and was completed by mid-May. Thereafter, the Court established a briefing schedule, allowing the parties to supplement their previously filed motion, response and reply. Supplemental arguments were served and filed in accord with the Court's

---

[1] Within ten (10) days after a party is served with a copy of this recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the recommendation. If no objections are filed, no appellate review will be allowed.

briefing schedule. The motion to transfer is ripe for adjudication. Based on a review of the motion and supplemental briefing, I recommend that the motion to transfer be granted.

Padilla is a resident of the State of New Mexico, but at all material times, was in the care, custody and control of the United States Bureau of Prisons. Padilla was convicted of a federal crime in 1991 and was sentenced to a term of incarceration by the United States District Court in the District of New Mexico in January 1992. He contends that at the time of his sentencing, he was in need of medical examination, treatment and hospitalization based on complaints of low back pain. He asserts that the sentencing judge failed to order that Padilla's medical needs be addressed.

In March 1992, Padilla commenced his period of incarceration at the federal correctional institution ("La Tuna") located in Anthony, Texas. Padilla claims that he made repeated requests for medical care and attention at La Tuna where he was examined by various physicians and medical consultants and received various diagnoses of his condition. He contends that four months after his arrival at La Tuna, he was still complaining of increased back pain. Padilla contends that recommendations for surgery were ignored by La Tuna officials.

In February 1993, Padilla was transported to the United States Medical Center for Federal Prisoners located in Springfield, Missouri, and he remained imprisoned at this facility as a medical patient from February 9, 1993 until November 2, 1993. He contends that in April 1993, while at the medical center in Springfield, he underwent surgery to correct back problems, and the surgical procedure included the implantation of screws, plates and other medical devices to align his spinal column and to provide for stability. He states that while the surgery relieved many of his symptoms and pains, it did not resolve his medical condition, and, as time went by, Padilla continued to suffer. He contends that the surgery did not produce a good result. He claims that his suffering was caused

by a misalignment of the medical apparatus which had been implanted in his back and that the shifting of the apparatus caused his spinal column to move out of alignment.

In November 1993, he was transported to a federal correctional institution in El Reno, Oklahoma and the bus ride to El Reno exacerbated his medical condition. In November 1993, Padilla contends that he was transferred from the facility in El Reno, Oklahoma and was assigned to the federal correctional complex in Florence, Colorado, where he resided until July 1995.

While at the Florence facility, Padilla contends that he took steps to make his medical condition known, that he reported an increase in back pain, and his perception that the implanted devices had shifted and were impairing spinal stability.

Notwithstanding his serious medical condition, Padilla contends he was assigned heavy work which further aggravated his painful back and contributed to his deteriorating physical condition. Padilla contends he repeatedly sought medical intervention while at Florence, Colorado, but that his requests were denied.

In July 1995, Padilla was again transferred to the United States Medical Center in Springfield, Missouri and underwent yet another surgical procedure in July 1996. This procedure, as well, according to Padilla, did not fully resolve his medical condition.

Padilla contends that the doctors and health care providers responsible for his care and treatment during his period of incarceration committed medical malpractice.

In its initial motion, USA argued that this case should be transferred to any one of several other districts, including the Western District of Texas, the Western District of Missouri, or the Western District of Colorado. Indeed, New Mexico is the least favorable forum within which to litigate this case. Save for the fact that Padilla was in New Mexico at the time he was sentenced,

3

none of the acts or omissions complained of took place here. None of the doctors who performed the surgical procedures are here, nor are they amenable to service of process in New Mexico. Indeed, at the time the case was filed, Padilla was in federal custody. Padilla had been returned to the federal correctional facility at La Tuna.[2]

In its supplemental pleadings, USA argues that the most appropriate forum would be the Western District of Missouri where Padilla's initial surgery took place, and where the most important witnesses to this litigation are located. USA argues that the surgery conducted at the Federal Medical Center at Springfield is at the heart of this case, and that the surgery was conducted by independent contract physicians who are not employed by the United States and who are not amenable to service of process by the District of New Mexico.

There is no convenient forum for this litigation. Medical witnesses are located in each of the facilities were Padilla was incarcerated since 1992, and wherever the case is litigated, someone will be inconvenienced. Equally clear is that the crux of Padilla's malpractice claim is that the care and treatment provided at the Springfield facility was below the standard of care to which he was entitled. Padilla underwent two surgical procedures in Missouri, and those surgical procedures were, by far, the most significant factors relating to Padilla's malpractice claims. The doctors who performed those procedures are in Missouri, the witnesses are in Missouri and the records are in Missouri. Less inconvenience would result if the case were tried in a district where the surgical procedures were performed, where the doctors reside and where the medical records are kept. New Mexico's involvement in this litigation was peripheral. Padilla was a legal resident of the State of New Mexico

---

[2] In the interim, it appears that Padilla may be transferred to a halfway house located in New Mexico. At the time of the filing of supplemental briefs, however, Padilla was still being housed at the La Tuna facility in Texas.

at the time of the commission of the crime and his subsequent incarceration. His claims arising from New Mexico are that the sentencing judge did not order immediate attention to his medical needs. This claim, even if true, is not actionable under the doctrine of judicial immunity. <u>Sparkman v. Stump</u>, 435 U.S. 349, 98 S. Ct. 1099 (1978). Thus, New Mexico's relation to this case is slight. However, those same complaints arise out of Padilla's incarceration in every facility where he has been housed since 1992.

Padilla argues that he was a resident of New Mexico when he was sentenced, and notwithstanding the fact that he was in custody at various locales in the United States, he was and remains a resident of this state. Moreover, Padilla argues that his choice of forum as a plaintiff should not lightly be set aside. Padilla is, of course, correct. However, the simple fact of residency should not dictate the forum when countervailing interests, including efficiency, economy and expediency compel a transfer.

While it will be inconvenient for Padilla to travel to Missouri for trial, it will be no less inconvenient for the many doctors identified in the many states where Padilla has been housed to travel to New Mexico for trial. Because the most significant events in this case relating to Padilla's claim took place in Missouri, in the exercise of the Court's discretion, the Court recommends that this case be transferred to the Western District of Missouri.

                                                _____
                                                Lorenzo F. Garcia
                                                United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Elizabeth E. Simpson, Esq.

ATTORNEY FOR DEFENDANT:
Ronald F. Ross, Esq.